D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
BINCHU JOHN,                                                       :  06 CV 437(ARR)
                                                                   :
                              Plaintiff,                           :  NOT FOR PRINT OR
                                                                   :  ELECTRONIC
        -against-                                                  :  PUBLICATION
                                                                   :
ANDREA QUARANTILLO, District Director, New York                    :  OPINION AND ORDER
District; EMILIO GONZALEZ, Director of BCIS;                       :
MICHAEL MUKASEY, Attorney General of the United                    :
States; and MICHAEL CHERTOFF, Secretary of the                     :
Department of Homeland Security,                                   :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X

ROSS, United States District Judge:

The plaintiff, Binchu John, filed this action seeking review of the administrative denial of his application for naturalization. On January 24, 2008, the defendants[1] moved to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), or, in the alternative, to stay the action pending the resolution of removal proceedings against the plaintiff. While this motion was pending, the defendants notified the court that the United States Court of Appeals for the Second Circuit had issued a decision implicating the motion to dismiss. The court ordered the plaintiff to submit his response to the defendants' letter by November 14, 2008. Having received no response from the plaintiff, the court decides the motion on the papers

---

[1] Pursuant to Fed. R. Civ. Proc. 25(d), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales and District Director Andrea Quarantillo is automatically substituted for former District Director Mary Ann Gantner.

1

currently before the court. For the reasons set forth below, the complaint is dismissed without prejudice.

## BACKGROUND

The plaintiff is a native and citizen of India who has been a lawful permanent resident of the United States since 1986. Pl.'s Opp. at 1. In August 2003, the plaintiff filed an application for naturalization with the United States Citizenship and Immigration Service ("USCIS"). Ex. E. to Schachner Decl. USCIS denied his application, and the plaintiff filed an administrative appeal. Pl.'s Opp. at 1. That appeal was denied on October 25, 2005. Ex. F to Schachner Decl. On January 31, 2006, 2006, the plaintiff commenced this action seeking *de novo* review pursuant to 8 U.S.C. § 1421(c).

While this action was pending, Immigration and Customs Enforcement ("ICE") commenced removal proceedings against the plaintiff, alleging in a Notice to Appear that the plaintiff is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) due to his conviction for aggravated assault in New Jersey. See Ex. G to Schachner Decl. (Notice to Appear); Ex. B to Schachner Decl. (New Jersey Superior Court Judgment of Conviction).

On January 24, 2008, the defendants moved to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), or, in the alternative, to stay the action pending resolution of the removal proceedings against the plaintiff.

## DISCUSSION

The petition seeks review of the denial of his application for naturalization and an order directing the defendants to naturalize him. Compl. at 7. A person whose application for naturalization has been denied may seek *de novo* review of such denial before the district court.

8 U.S.C. § 1421(c). However, the Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). Accordingly, since "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding," 8 U.S.C. § 1429, the court lacks the authority to order the relief that the plaintiff seeks. See Ajlani v. Chertoff, 545 F.3d 229, 240-41 (2d Cir. 2008) (affirming dismissal of claim brought by person against whom removal proceedings were pending because "district court authority to grant naturalization relief . . . cannot be greater than that of the Attorney General").

In Ajlani, the Second Circuit clarified the scope of district court authority to review naturalization decisions while removal proceedings are pending.[2] Although § 1429 is directed at the Attorney General, not the district court, the Second Circuit concluded that district courts lack the authority "to grant citizenship under circumstances where Congress has expressly prohibited the executive, charged with primary naturalization responsibility, from even considering a naturalization application." Id. at 241. This court thus lacks the authority to grant the relief that the plaintiff is seeking.

As in Ajlani, the plaintiff has failed "to state a claim on which naturalization relief could be granted while removal proceedings were pending." Id. The complaint is dismissed without prejudice, and the plaintiff may re-file after his removal proceedings have concluded. The plaintiff requests that the case be stayed rather than dismissed, see Pl.'s Opp. at 5, but the

---

[2]Ajlani involved a claim under § 1447(b), which authorizes district court review of naturalization applications when an applicant fails to receive a hearing before an immigration officer within 120 days, but its rationale applies equally to claims brought under § 1421(c). See id. at 239-49 (analyzing the two statutes interchangeably).

plaintiff has not articulated any reason why the case should be stayed rather than dismissed without prejudice. See Ajlani, 545 F.3d at 241 (affirming dismissal without prejudice over request to hold claim in abeyance).

The court declines to find that it lacks subject matter jurisdiction over the claim. See Zayed v. U.S., 368 F.3d 902, 906 (6th Cir. 2004) (concluding that "the effect of § 1429 . . . is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of a jurisdiction expressly conferred on it" by § 1421(c)). Although the motion comes before the court as a motion to dismiss for lack of subject matter jurisdiction, the court is within its discretion to dismiss the complaint for failure to state a claim. See Palkovic v. Johnson, 150 Fed. Appx. 35, 37, No. 04-5757 (2d Cir. Sept. 22, 2005) (district court has authority to dismiss an action *sua sponte* where the non-moving party "has been giving an 'opportunity to be heard'") (quoting Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988)).

## CONCLUSION

For the reasons stated above, the complaint is dismissed. The Clerk of Court is instructed to enter judgment accordingly.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: December 19, 2008
Brooklyn, New York

4

SERVICE LIST (via ECF):

       <u>Plaintiff's Attorney</u>
       Carlos Moreno
       352 7th Avenue
       Suite 1204
       New York, Ny
       New York , NY 10001

       <u>Defendants' Attorney</u>
       Elliot M. Schachner
       United States Attorneys Office
       Eastern District of New York
       271 Cadman Plaza East
       Brooklyn , NY 11201-1820

cc:       Magistrate Judge Reyes